# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| METEOR EXPRESS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO. CV 12-J-2518-NE |
| TRAVELERS PROPERTY ) | |
| CASUALTY COMPANY OF ) | |
| AMERICA; and SCHOOLAR & ) | |
| ASSOCIATES, INC., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff Meteor Express, Inc.'s ("Meteor Express") motion for remand to the Circuit Court of Jackson County, Alabama (doc. 8); a motion to dismiss count two of plaintiff's complaint by defendant Travelers Property Casualty Company of America ("Travelers") (doc. 3); plaintiff's response to Travelers' motion to dismiss (doc. 13); Travelers' response in opposition to plaintiff's motion for remand (doc. 14); defendant Schoolar & Associates, Inc.'s ("Schoolar") joinder in the notice of removal and motion to dismiss filed by defendant Travelers (doc. 15); and Travelers' reply to plaintiff's response to the motion to dismiss (doc. 16).

Defendant Travelers, subsequently joined by defendant Schoolar, previously removed this action from the Circuit Court of Jackson County, Alabama, asserting

that this court has jurisdiction under 28 U.S.C. § 1446(b)(2)(B). *See* Notice of Removal (doc. 1) (July 23, 2012). Defendants allege that defendant Schoolar was fraudulently joined in the underlying action in order to defeat complete diversity of the parties; *see* Notice of Removal (doc. 1) at 3–9. On August 3, 2012, plaintiff filed a motion to remand, vigorously disputing defendant's allegation; *see* Pl. Mot. for Remand (doc. 8) at 9–35.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *rev'd on other grounds*, *Cohen v. Office Depot, Inc.* 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.") (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L. Ed. 435 (1806)). The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through fraudulent joinder of the non-diverse party, as alleged by defendant.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional

> facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41 (emphasis added). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d

3

1536, 1538 (11th Cir. 1997) (internal citations omitted).[1] "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco*, 139 F.3d at 1380.

In this case, the court finds that two causes of action are stated against Schoolar, the non-diverse defendant: fraud (Count II) and negligence (Count V). *See* Compl., Ex. A (doc. 1) at ¶¶ 30–45.[2] At dispute is an insurance policy (the "Insurance Policy") issued by defendant Travelers to plaintiff. On or about April 13, 2012, plaintiff had accepted a load of cargo for shipment that was subsequently stolen by an unknown third party from a location in Columbus, Mississippi. *See* Compl., Ex. A (doc. 1) at ¶¶ 10–11. Plaintiff claims that the stolen cargo constituted "Covered Property" under the insurance policy issued by defendant Travelers through its agent, defendant Schoolar, such that plaintiff's insurance claim for the stolen goods is due to be paid by Travelers. *See id.* at ¶¶ 8, 12–13. Travelers refused to pay plaintiff's claim, citing an applicable exclusion in the policy. *See id.* at ¶¶ 15–19. Plaintiff alleges that the policy is ambiguous and should be construed in its favor. *See id.* at

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to choose his own forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."

[2] Plaintiff alleges three other counts in the complaint—an action on the insurance policy (Count I), bad faith (Count III), and declaratory judgment (Count IV)—which are applicable only against defendant Travelers.

¶¶17–18. Plaintiff also claims that in the process of applying for and receiving the Insurance Policy, defendant Schoolar made certain representations to plaintiff regarding the policy, *viz.*, that the Insurance Policy was the same as that offered under a standard policy by one of Travelers' competitors, with which plaintiff was familiar, and which did not include the exclusion relied upon by Travelers in denying plaintiff's claim. *See id.* at ¶¶ 20–21. Defendants assert that plaintiff cannot maintain claims of fraud and negligent procurement against Schoolar, arguing in essence that plaintiff was in possession of the policy for seven months prior to the claimed loss; plaintiff failed to read the policy; such failure defeats plaintiff's claim of reasonable reliance on Schoolar's representations; and plaintiff's claims against Schoolar thus fails under Alabama law. *See* Def. Resp. (doc 14) at 3–6; *see also AmerUs Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1208 (Ala. 2008) ("[T]his Court has consistently held that a plaintiff who is capable of reading documents, but who does not read them or investigate facts that should provoke inquiry, has not reasonably relied upon a defendant's oral representations that contradict the written terms in the documents.").

Plaintiff directs the court's attention to the unreported case of *S&S Trucking, LLC v. Canal Ins. Co.*, 2010 WL 2560043 (S.D. Ala. 2010), arguing that case presents nearly identical facts to the present matter and that this court should adopt the reasoning of Judge Granade of the Southern District of Alabama, who remanded that case to the Circuit Court of Conecuh County, Alabama. *See* Pl. Mot. to Remand

(doc. 8) at 16–19; *see also S&S Trucking*, 2010 WL 2560043 at *5. Defendants argue that *S&S Trucking* is distinguishable because, while the federal district court did remand the case, the plaintiff there had only a "two days"[3] between receipt of the policy in question and the loss claimed, and while it may be unreasonable to expect the *S&S Trucking* plaintiff to have fully read a 147-page policy in two days, it is not unreasonable to expect Meteor Express to have read its policy during the seven months prior to its claimed loss. *See* Def. Resp. (doc. 14) at 5–6; *see also S&S Trucking* at *2.

The court agrees with plaintiff, and with Judge Granade, who wrote the following, as excerpted by plaintiff in its motion:

> The defendants are correct that "[t]he right of reliance [or an agent's representations] comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests", thus insureds have a duty to read their insurance policies. *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 433 (Ala. 1997). Furthermore, the defendants are right that "an insurance agent cannot be held liable due to plaintiff's own negligent failure to ensure they received the policy they expected." *BDB, L.L.C. v. James River Ins. Co.*, Civ. 6:07–cv–01985–SLB, at *7 (N.D. Ala. Sept. 30, 2008) or (Doc. 17, p. 17). However, contrary to the defendants' assertions otherwise, a plaintiff is not contributorily negligent as a matter of law merely because it failed to review the insurance policy the moment the plaintiff received it. Rather, as stated clearly in *BDB, L.L.C.*, a trier of fact must determine that a plaintiff was

---

[3] The facts as presented in *S&S Trucking* establish only that the plaintiff in that case "did not receive the [insurance] policy until *a few days* before the loss." 2010 WL 2560043 at *2 (emphasis added).

negligent in its failure to read the insurance policy and only then shall a plaintiff be deemed contributory negligent.

The Alabama Supreme Court maintains that a question of contributory negligence is generally for the jury, and it is only when the facts are such that all reasonable men must draw the same conclusion does contributory negligence become a question of law for the court. *Jones Food Co. v. Shipman*, 981 So.2d 355, 369–370 (Ala. 2006) (citations omitted). Therefore, this court does not need to reach a definite pronouncement of whether the plaintiff's failure to review the policy in the present case constituted negligence, because in reviewing a motion to remand in light of a fraudulent joinder claim, the precise contours of the plaintiff's failure are not relevant. The Eleventh Circuit has made it clear that this court may deny a motion to remand only if the defendants have proved by clear and convincing evidence that there is " no possibility " that the plaintiff "can establish a cause of action against the [] resident defendant . . . ." *Henderson* [*v. Washington Nat. Ins. Co.*], 454 F.3d [1278,] 1283 [(11th Cir. 2006)] (emphasis in original) (citations omitted). In other words, remand must be granted if "after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law might impose liability on the facts involved.[']" *Crowe* [*v. Coleman*], 113 F.3d [1536,] 1541–1542 [(11th Cir. 1997)] (emphasis in original) (citation omitted) ("In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). As a result, if, after examining the plaintiff's complaint and accompanying affidavits in this case, this court is able to say that there is any possibility, no matter how small, that an Alabama state

7

> court might find that the plaintiff was not negligent in its failure to review the insurance policy prior to the theft, then the Eleventh Circuit has mandated that this court shall grant the plaintiff's motion to remand.

*S&S Trucking*, 2010 WL 2560043 at *4; *see also* Pl. Mot. for Remand (doc. 8) at 17–18.

Because both contributory negligence and the alleged ambiguity of the Insurance Policy are jury questions under Alabama law, it is plain to the court that "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe*, 113 F.3d at 1542. Accordingly, "[i]f that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Id.*

Having found that the plaintiff has stated a plausible claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined as served as defendants is a citizen of the state in which such action is brought."). Under applicable precedent, "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." *University of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d

8

405, 410 (11th Cir. 1999) (quoting 28 U.S.C. § 1447(c)).[4]

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Jackson County, Alabama, by separate Order. No attorneys fees shall be assessed against either party.

**DONE** and **ORDERED** this 24th day of August 2012.

*[signature]*
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[4] The opinion then continued, "Moreover, a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court." *See, e. g.*, *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 220 (holding that district court should have considered motion to remand for lack of subject matter jurisdiction before it addressed motion to dismiss for want of personal jurisdiction). Accordingly, defendants' motion to dismiss Count II of plaintiff's complaint (doc. 3) is **MOOT**.